UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JANE DOE,

      Plaintiff,

v.                                         Case No: 6:24-cv-672-PGB-EJK

4201 ORLANDO, INC. and NEW
START CITY, INC.,

      Defendants.

ORDER

This cause comes before the Court on Plaintiff's Unopposed Motion for Leave to Proceed Pseudonymously (Doc. 10), filed April 11, 2024, and Plaintiff's Unopposed *Corrected* Motion for Leave to Proceed Pseudonymously (the "Motion"), filed April 15, 2024. (Doc. 15.) Therein, Plaintiff seeks the Court's leave to continue proceeding in this lawsuit, during pre-trial proceedings only, under the pseudonym Jane Doe. (*Id.*) For the reasons set forth below, the Motion is due to be granted.

I.      BACKGROUND

On August 29, 2023, Plaintiff filed her Complaint alleging four causes of action against Defendants arising out of Defendants' alleged acts and omissions, as the property management company and owner of the now defunct Lake Holden Inn (hereinafter the "Inn"), that enabled or facilitated Plaintiff to be sex trafficked and abused at the Inn at the hands of Plaintiff's trafficker for a period spanning two years. (Doc. 1-1 ¶ 90.) Count I alleges violations of the Trafficking Victims Protection

Reauthorization Act, 18 U.S.C. §§ 1591(A)(2), 1595, as to both Defendants; Count II alleges violations of Florida Statute § 772.104 as to both Defendants; Count III alleges negligent hiring, supervision, and retention as to Defendant New Start City, Inc.; and Count IV alleges premises liability as to both Defendants. (Doc. 6 at 15–23.)

On April 6, 2024, Defendant 4201 Orlando, Inc., removed the case to federal court pursuant to the Court's federal question and pendent jurisdiction. To date, Defendant New Start City, Inc., has not appeared in this action. On April 11, 2024, Plaintiff filed her Unopposed Motion for Leave to Proceed Pseudonymously, which is currently pending before the Court, arguing that she has a substantial privacy interest in keeping her name confidential based on the sensitive nature of the facts alleged in the Complaint. (Doc. 15 at 6–8.)

## II.   STANDARD

The Eleventh Circuit has held that Federal Rule of Civil Procedure 10(a) "protects the public's legitimate interest in knowing all the facts involved, including the identity of the parties," but the rule is not absolute. *Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011). A party may proceed anonymously by establishing "a substantial privacy right which outweighs the 'customary and constitutionally embedded presumption of openness in judicial proceedings.'" *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) (quoting *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981)). The factors the Court considers in determining whether a party has a substantial privacy right that outweighs the presumption of openness in judicial proceedings are 1) whether the plaintiff is challenging government activity; 2) whether the plaintiff in

disclosing her identity would be required to disclose information of the utmost intimacy; and 3) whether plaintiff in disclosing her identity would be compelled to admit their intention to engage in illegal conduct, thereby risking criminal prosecution. *Stegall*, 653 F.2d at 185.

### III.   DISCUSSION

Turning to the first and third factors, this suit does not involve government activity or Plaintiff's admitting to an intention to engage in illegal conduct. As to the second factor, the Court finds that, if Plaintiff were required to disclose her identity, she would be required to disclose information of utmost intimacy as a victim of human sex trafficking. Plaintiff alleges that she was sex trafficked, which required her to engage in non-consensual sex acts with an average of ten customers per day for her traffickers' and Defendants' mutual profits. (Doc. 6 ¶¶ 71–96.) Specifically, Plaintiff alleges that her traffickers would consistently pay Inn staff in the form of money, illegal drugs, or a free sexual encounter with one of the traffickers' victims in exchange for the Inn staff's allowing and assisting the traffickers to operate their illegal business in plain sight at the Inn without police intervention. (*Id.*) Additionally, Plaintiff further alleged that one day at the Inn, when her trafficker was mad at her, he ordered another one of his trafficking victims to beat Plaintiff in the Inn parking lot until she was bruised, bloody, and almost unconscious while her trafficker, Inn staff, and Inn guests watched. (*Id.* at ¶ 92.) Inn staff did not contact law enforcement, and instead the staff took instructions from Plaintiff's trafficker as to how to handle the situation. (*Id.* at ¶ 93.)

While courts historically prevented plaintiffs alleging sexual assault from proceeding anonymously, modern courts consider "judicially recognized aggravating factors, such as whether the plaintiff was a minor, whether she was threatened with violence or physical harm, and whether anonymity posed a unique threat of fundamental unfairness to the defendant." *Fla. Abolitionist, Inc. v. Backpage.com LLC*, No. 6:17-cv-00218-Orl-28TBS, 2018 WL 2017535, at *2 (M.D. Fla. May 1, 2018) (internal quotations omitted) (citing *Plaintiff B*, 631 F.3d at 1316). Because Plaintiff will need to disclose her experience as an alleged sex trafficking victim—an experience that she claims involved forced sexual service and physical assaults—the Court finds that Plaintiff's experiences are sensitive and highly personal in nature, and denying the Motion would require her to disclose information of the utmost intimacy. *See Fla. Abolitionist, Inc.*, 2018 WL 2017535 at *2 (permitting a plaintiff to proceed anonymously where she would be required to disclose information related to her victimization by sex traffickers and their clients).

Next, the Court finds that the public's interest in open judicial proceedings does not outweigh any of the above considerations when, as here, hearings will remain open to the public and all aspects of the case, other than Plaintiff's true identity, will remain accessible on the public docket, absent an additional court order. *Stegall*, 653 F.2d at 185 ("The assurance of fairness preserved by public presence at trial is not lost when one party's cause is pursued under a fictitious name.").

In sum, considering that the Motion is unopposed, the sensitive nature of the issues, and the public's access to hearings and all other information on the docket, Plaintiff will be granted leave to proceed pseudonymously during pre-trial proceedings.

Accordingly, it is **ORDERED** as follows:

1. Plaintiff's Unopposed *Corrected* Motion for Leave to Proceed Pseudonymously (Doc. 15) is **GRANTED**. Plaintiff **SHALL** be permitted to proceed pseudonymously throughout the course of these proceedings and shall be referred to as "Jane Doe" or "Plaintiff" in all filings and Court proceedings until the time of trial.

2. Plaintiff's Unopposed Motion for Leave to Proceed Pseudonymously (Doc. 10) is **DENIED as moot**.

**DONE** and **ORDERED** in Orlando, Florida on April 16, 2024.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE