# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**JANE DOE,**

      **Plaintiff,**

v.                                         Case No: 6:24-cv-672-PGB-EJK

**4201 ORLANDO, INC. and NEW START CITY, INC.,**

      **Defendants.**

_____/

## ORDER

This cause is before the Court on Defendant 4201 Orlando, Inc.'s ("**Defendant 4201**") Unopposed Motion to Consolidate the Sex Trafficking Actions for Pretrial Proceedings, filed April 17, 2024. (Doc. 19 (the "**Motion**")). Upon consideration, the Motion is due to be granted.

### I. BACKGROUND

On August 29, 2023, Plaintiff filed her Complaint (Doc. 1-1 (the "**Complaint**")), alleging four causes of action against 4201 Orlando, Inc. and New Start City, Inc. (collectively, the "**Defendants**"). The claims arise out of Defendants' alleged acts and omissions—as the property management company and owner of the now defunct Lake Holden Inn ("**Inn**")—that enabled or facilitated Plaintiff to be sex trafficked and abused at the Inn for a period spanning two years. (Doc. 1-1, ¶ 90). Count I alleges violations of the Trafficking Victims Protection Reauthorization Act, 18 U.S.C. §§ 1591(A)(2), 1595, as to Defendants; Count II

alleges violations of Florida Statute § 772.104 as to Defendants; Count III alleges negligent hiring, supervision, and retention as to Defendant New Start City, Inc.; and Count IV alleges premises liability as to Defendants. (Doc. 6, pp. 15–23).

Correspondingly, also before this Court is *S.M. v. 4201 Orlando, Inc. et al*, No. 6:24-cv-673-PGB-LHP (M.D. Fla.), a related case to the instant action. Considering the common issues of law and fact between *S.M. v. 4201 Orlando, Inc. et al* and the instant case (collectively, the "**Cases**"), Defendant 4201 now moves this Court for consolidation of the Cases for pretrial proceedings, including discovery and motion practice. (Doc. 19, pp. 2, 5). Plaintiff agrees to, and does not oppose, this Motion. (*Id.* at p. 8).

II. **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 42 allows a district court to consolidate actions that involve common questions of law or fact. FED. R. CIV. P. 42(a). When determining whether cases should be consolidated, the district court considers a number of factors, including (1) the risk of prejudice in allowing the matters to proceed separately, (2) the potential for confusion of facts or legal issues, (3) the risk of inconsistent verdicts, (4) the burden on parties, witnesses, and the court, and (5) the length of time and relative expense involved in conducting a single or multiple trials. *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985). The decision to consolidate ultimately rests within the discretion of the district court. *Young v. City of Augusta*, 59 F.3d 1160, 1168 (11th Cir. 1995) (internal citations omitted).

## III. DISCUSSION

Pursuant to Federal Rule of Civil Procedure 42(a), there are "common question[s] of law or fact" between the Cases that warrant consolidation for pretrial proceedings. With regard to questions of law, both Cases involve the same alleged counts and requests for relief. As to questions of fact—based on the pleadings, there is significant factual overlap. Both Cases share the same defendants, counsel, and factual allegations. (*See* Doc. 19). Moreover, as provided by Defendant 4201, both Cases will share the same investigations, testimony, police reports, and EMS calls. (*Id.* at p. 5).

Finally, consolidation of pretrial proceedings will reduce the burden and expenses for all parties, lessen the length of time to conclude pretrial proceedings, and preserve judicial resources for both Cases and this Court. (*See id.* at pp. 6–8); *see also Hendrix*, 776 F.2d at 1495 (explaining that Federal Rule of Civil Procedure 42(a) "is a codification of a trial court's inherent managerial power 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants'" (citations omitted)).

## IV. CONCLUSION

For the foregoing reasons, the Unopposed Motion to Consolidate the Sex Trafficking Actions for Pretrial Proceedings (Doc. 19) is **GRANTED**. It is therefore **ORDERED** that Case No. 6:24-cv-672 and Case No. 6:24-cv-673 are consolidated only for the purposes of the pretrial proceedings, including discovery and motion practice.

**DONE AND ORDERED** in Orlando, Florida on April 30, 2024.

*[Signature]*
PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties