UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JANE DOE and S.M.,**

      **Plaintiff,**

v.                                                                                                             Case No: 6:24-cv-672-EJK

**4201 ORLANDO, INC. and NEW START CITY, INC.,**
      **Defendants.**

**ORDER**[1]

Before the Court is Defendant 4201 Orlando Inc.'s Motion and Memorandum to Dismiss Doe's and S.M.'s Second Amended Complaint (the "Motion") (Doc. 37), filed on July 3, 2024. Plaintiffs filed a timely response in opposition. (Doc. 38.) Therefore, the Motion is ripe for review. Upon consideration of the arguments therein, the Motion will be granted.

**I.    BACKGROUND**

The Second Amended Complaint ("SAC") that Plaintiffs Jane Doe and S.M. bring against Defendants New Start City, Inc., and 4201 Orlando, Inc., alleges violations of the Trafficking Victims Protection Reauthorization Act ("TVRPA"), 18 U.S.C. §§ 1591(A)(2), 1595. (Doc. 33.) Plaintiffs also allege violations of the Florida Civil Remedies for Criminal Practices, Fla. Stat. § 772.104, and bring a Florida state

---

[1] On April 30, 2024, these two captioned cases were consolidated for the purposes of pretrial proceedings, including discovery and motion practice. All subsequent docket citations are to *Doe v. 4201 Orlando, Inc.*, Case No. 6:24-cv-672-EJK.

law claim for premises liability pursuant to this Court's supplemental jurisdiction. (*See id.*); 28 U.S.C. § 1367.

According to the SAC, 4201 Orlando is the property and landowner of 4201 S. Orange Blossom Trail in Orlando, Florida. (Doc. 33.) At this location, a motel named New Start was built. (*Id.*) 4201 Orlando rented the motel to New Start, which New Start operated. (*Id.*) Plaintiffs allege they were sex trafficked at the motel and New Start and 4201 Orlando knowingly benefited while enabling Plaintiffs to be sex trafficked at the motel in violation of the TVRPA. (*Id.*)

## II.    STANDARD

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the plaintiff's complaint. To survive the motion, the complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the plaintiff alleges enough facts to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The mere recitation of the elements of a claim is not enough, and the district court need not give any credence to legal conclusions that are unsupported by sufficient factual material. *Id.* District courts must accept all well pleaded allegations within the complaint and any documents attached thereto as true, and must read the complaint in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1484 (11th Cir. 1994) (per curiam).

## III.   DISCUSSION

### A.   Rule 8 and Shotgun Pleading

Plaintiffs' SAC does not comply with Federal Rule of Civil Procedure 8 and is an improper shotgun pleading that must be repleaded. First, under Rule 8, a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a)(1)–(3). Here, Plaintiffs have not clearly set forth what claims they are bringing against Defendants for their TVPRA claims and have not outlined factual allegations against Defendants in a clear manner. (*See* Doc. 33 ¶¶ 131–154.)

There are four basic categories of shotgun pleadings: (1) those in which "each count adopts the allegations of all preceding counts"; (2) those that do not re-allege all preceding counts but are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) those that do "not separate each cause of action or claim for relief into a different count"; and (4) those that assert multiple claims against multiple defendants without specifying which applies to which. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F. 3d 1313, 1321–1323 (11th Cir. 2015).

Plaintiffs' SAC falls under the fourth category of shotgun pleadings as to Count I and Count II. Plaintiffs do not clearly state what claim or claims they allege against each Defendant. Although there are two defendants, in Counts I and II, Plaintiffs state

"Defendant" and "Defendant's" for several causes of action, making it impossible for the Court to determine each defendant's role. (*See* Doc. 33 ¶¶ 131–154.) For instance, at paragraph 132, Plaintiffs state, "Defendant knowingly used the instrumentalities and channels of interstate and foreign commerce to facilitate violations of 18 U.S.C. §§ 1591(a)(2) and 1595(a) . . . ." At paragraph 133, Plaintiffs state, "Defendant's conduct was in or affected interstate and/or foreign commerce." At paragraph 140, Plaintiffs allege that "Defendant's conduct has caused Jane Doe serious harm including, without limitation, physical, psychological, financial, and reputational harm."

Regarding Count II, at paragraph 142, Plaintiffs state, "Defendant knowingly used the instrumentalities and channels of interstate and foreign commerce to facilitate violations of 18 U.S.C. §§ 1591(a)(2) and 1595(a) . . . ." At paragraph 143, Plaintiffs state, "Defendant's conduct was in or affected interstate and/or foreign commerce." Since Plaintiffs' SAC asserts multiple claims without specifying which claims apply to which (or both) defendants, Plaintiff's SAC constitutes a shotgun pleading. *Weiland*, 792 F. 3d at 1321–1323.

The Eleventh Circuit has held that a district court, sua sponte, should strike a shotgun pleading and instruct the plaintiff to replead the case. *Cramer v. State of Fla.* 117 F.3d 1258, 1263 (11th Cir. 1997). As such, the undersigned finds that the SAC should be dismissed on this basis. *See Coker v. Warren*, No. 3:22-cv-518-J-MMH-LLL, 2022 WL 1540393, at *2 (M.D. Fla. May 16, 2022) ("When faced with the burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading

on its own initiative, and force the plaintiff to replead to the extent possible. . .").
If Plaintiffs choose to replead, Plaintiffs should fully and separately explain each Defendant's role as it relates to Counts I and II.

    **B.**    **Leave to Amend**

The undersigned next turns to whether to allow Plaintiffs leave to amend. (Doc. 38 at 22–23.) Leave to amend is generally freely given, but a district court may deny leave to amend where amendment would be futile. *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262–63 (11th Cir. 2004). Amendment is futile, for example, where "the amended complaint would not survive a motion to dismiss." *Christman v. Walsh*, 416 F. App'x 841, 844 (11th Cir. 2011). Here, while Plaintiffs have filed their SAC (Doc. 33), Plaintiffs have not yet been ordered by the Court to amend their pleading, and 4201 Orlando does not argue that amendment would be futile (Doc. 37). Therefore, the undersigned will permit Plaintiffs an additional opportunity to amend the SAC.

Upon consideration of the foregoing, it is hereby **ORDERED** that Defendant 4201 Orlando Inc.'s Motion to Dismiss (Doc. 37) is **GRANTED**. Plaintiffs shall have until and through **January 3, 2024,** to file an amended complaint.

**DONE** and **ORDERED** in Orlando, Florida on December 13, 2024.

                                                        EMBRY J. KIDD
                                                        UNITED STATES MAGISTRATE JUDGE